UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-03007-CAS (JEMx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | U.S. BANK, N.A. v. LIOR ALKOBY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not present   Not present

**Proceedings:** **(In Chambers:) MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (filed May 22, 2015, Docket #9)**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.   INTRODUCTION

On June 23, 2014, plaintiff U.S. Bank, N.A. filed an unlawful detainer action in the Superior Court for the County of Los Angeles against pro se defendants Lior Alkoby, Juan Fernando, Matilde Melendez, Tomas Garcia, Maria Garcia, Sergio Cruz, Martin Gonzalez, and Maria Cruz. Notice of Removal Ex. A. Defendant Maria Cruz ("Cruz") subsequently filed a notice of removal on April 22, 2015, arguing that a federal question exists based on the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. Notice of Removal ¶ 7. Cruz also asserts that diversity jurisdiction renders the instant case properly before this Court. Notice of Removal ¶ 6.

On May 22, 2015, plaintiff filed a motion to remand, which has not been opposed. For the reasons explained below, this Court lacks subject matter jurisdiction over this case, and plaintiff's motion to remand is granted.

## II.   DISCUSSION

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-03007-CAS (JEMx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | U.S. BANK, N.A. v. LIOR ALKOBY, ET AL. | | |

defendant to demonstrate that subject matter jurisdiction exists. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. CV 10-01893, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

### A. This Case Does Not Arise Under Federal Law.

In her notice of removal, Cruz contends that this court has jurisdiction because federal law, specifically the Protecting Tenants at Foreclosure Act 2009 ("PTFA"), governs plaintiff's cause of action. Notice of Removal ¶ 7. Cruz is incorrect.

Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). In addition, "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, No. 1:11-cv-01225, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, No. CV 11-3979, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or anticipated defenses to a notice of removal must fail. See Benefit Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

The only claim asserted by plaintiff is for unlawful detainer. See Notice of Removal, Ex. A. Unlawful detainer actions, as stated above, are pure matters of state law because they arise under Section 1161 of the California Code of Civil Procedure. See, e.g., McGee v. Seagraves, No. 06-CV-0495, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006). This Court does not have federal question jurisdiction over an action where a "right or immunity created by the Constitution or laws of the United States" does not constitute an essential element of Plaintiff's cause of action. See Cal. Shock Trauma, 636

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'   JS-6

| Case No. | 2:15-cv-03007-CAS (JEMx) | Date | June 8, 2015 |
|---|---|---|---|
| Title | U.S. BANK, N.A. v. LIOR ALKOBY, ET AL. | | |

F.3d at 542; McGee, 2006 WL 2014142, at *2 (holding that a federal court lacks jurisdiction over unlawful detainer actions).  Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the PTFA or any other federal law.  See Anderson, 539 U.S. at 6.  Accordingly, this Court lacks subject matter jurisdiction based on a federal question.  Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

### B.   Defendant Has Not Established Diversity Jurisdiction.

Removal on the basis of diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a)(1); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  The removing party bears the burden of showing that removal is proper.  Duncan v. Stuetzie, 76 F.3d 1480, 1485 (9th Cir. 1996)

In order to establish complete diversity, Cruz must show that the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1442(a); Duncan, 76 F.3d at 1485.  Cruz's notice of removal does not allege the citizenship of any defendant, nor does it allege the plaintiff's citizenship beyond stating that U.S. Bank is not a California corporation. Notice of Removal ¶ 4.

Cruz is also unable to establish that the amount in controversy exceeds $75,000.  The complaint seeks only the reasonable value of the use and occupancy of the premises, calculated at $47.37 per day from June 12, 2014, and limits damages to $10,000.  Compl. ¶ 10.  "In unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.' " Fed. Nat'l Mortgage Assoc. v. Sue Lin Poh, No. C-12-02707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (citing Litton Loan Serv., L.P. v. Villegas, No. C 10-05478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011)); see Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977) (explaining that in a summary proceeding for unlawful detainer, "the right to possession alone [is] involved, and the broad question of title [cannot] be raised and litigated by cross-complaint or affirmative defense" (quoting Cheney v. Trauzettel, 9 Cal. 2d 158, 159 (1937))).  Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Villegas, 2011 WL 204322, at *2.  Accordingly, diversity jurisdiction does not exist because it's unclear whether the parties are diverse, and, in any event, the amount in controversy does not exceed $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-03007-CAS (JEMx) | Date | June 8, 2015 |
| Title | U.S. BANK, N.A. v. LIOR ALKOBY, ET AL. | | |

### C.   This Case Has Previously Been Remanded on the Same Grounds

The Court notes that this is not the first time this case has been removed to federal court.  On March 19, 2015, Defendant Sergio Cruz filed a notice of removal on identical grounds.  On April 24, 2015, this Court entered an order remanding the case to the Los Angeles Superior Court.  See U.S. Bank v. Alkoby, et al., No. CV 15-2039-GHK (MRWx), Dkt. No. 6 (C.D. Cal. Apr. 24, 2015).

An order remanding a case to state court is generally not reviewable "on appeal or otherwise," except in limited circumstances not present here.  28 U.S.C. § 1447(d).  A second removal on the same grounds as the first is tantamount to a request for review of the first remand order, which is prohibited.  See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) (holding that the language of 28 U.S.C. § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court.  Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.").  Put differently, "a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action."  Allen v. UtiliQuest, LLC., No. CV 13–4466, 2014 WL 94337, *2 (N.D. Cal. Jan. 9, 2014) (citing St. Paul & Chi. Ry. Co. v. McLean, 108 U.S. 212, 217 (1883) ("[W]e are of opinion that a party is not entitled . . . to file a second petition for the removal upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit.")).  Accordingly, Maria Cruz's removal petition, which is identical in all material respects to Sergio Cruz's first removal petition, cannot "reinvest" this Court with jurisdiction.  Seedman, 837 F.2d at 414.  This provides an additional reason to remand the case, and defendants are admonished against attempting to remove the case again on the same grounds, which would result in the imposition of monetary sanctions.  See Fed. Home Loan Mortg. Corp. v. Pulido, No. CV 12–04525 LB, 2012 WL 5199441, *3 (N.D. Cal. Oct. 20, 2012).

### III.   CONCLUSION

In accordance with the foregoing, the case is hereby **REMANDED** to the Los Angeles County Superior Court.  Defendants are admonished to comply with applicable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-03007-CAS (JEMx) | Date | June 8, 2015 |
| Title | U.S. BANK, N.A. v. LIOR ALKOBY, ET AL. | | |

law governing removal to federal court. Additional unwarranted removals in this case may result in monetary sanctions.

    IT IS SO ORDERED.

|  |  |  |
|---|---|---|
|  | 00 : 00 |
| Initials of Preparer | CMJ |